# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN RAWSON WYTCHERLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72868

FILED

MAR 1 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER VACATING JUDGMENT AND REMANDING*

Appellant John Wytcherley appeals his amended judgment of conviction, pursuant to a guilty plea, of trafficking a controlled substance and being under the influence of a controlled substance. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

The district court amended Wytcherley's judgment of conviction to calculate the minimum and maximum aggregate terms of imprisonment for his consecutive sentences and to remove 280 days' credit for time served previously awarded on the second sentence. The district court amended the judgment of conviction sua sponte and without notice to either Wytcherley or the State, but the parties' briefing reveals that the amendment came after the Nevada Department of Corrections sent two letters to the district court seeking clarification of Wytcherley's sentence. One of those letters— the one regarding double credit for time served—was not known to Wytcherley until the State filed its answering brief on appeal and supplemented the record to include the letter. We recognize that aggregating the total minimum and maximum time to be served under consecutive sentences is clerical and required by statute, *Mason v. State*, 132 Nev., Adv. Op. 42, 373 P.3d 116, 117 (2016), but the award and then

SUPREME COURT
OF
NEVADA

(O) 1947A

18-10473

subsequent removal of double credit for time served on consecutive sentences presents an arguably unprecedented issue.

While we do not address that issue here, we do vacate the amended judgment of conviction and remand for resentencing. Implicit in the district court's amendment of the original judgment of conviction is that the district court did not originally intend to award double credit for time served. It is not clear from the record, however, whether the district court originally intended to run Wytcherley's sentences concurrently, as the parties agreed to at sentencing, or consecutively, as the judgment of conviction ultimately reflected. The issues on appeal would be clarified by a complete understanding of the district court's intent behind its original sentence, and its basis for amending the judgment of conviction to remove the double credit, as opposed to running the sentences concurrently. Rather than order supplemental briefing to address the intent underlying the district court's original sentence and amendment, it is more appropriate to afford Wytcherley the opportunity to directly address the district court's basis for resentencing and respond accordingly at a resentencing hearing. We therefore,

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

 

cc:   Hon. Michael Montero, District Judge
      Dolan Law, LLC
      Attorney General/Carson City
      Humboldt County District Attorney
      Humboldt County Clerk